UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MILFORD CHRISTIAN CHURCH, et al., <br>     *Plaintiffs*, <br><br> v. <br><br> CHARLENE M. RUSSELL-TUCKER, in her official capacity only, et al. <br>     *Defendants*. | No. 3:23-cv-304 (VAB) |

**RULING AND ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND TO AMEND THE CASE CAPTION**

On March 6, 2023, Milford Christian Church, James Loomer, Janet Pardy, and Jessica Cavaretta (collectively, the "Plaintiffs") filed a Complaint against Charlene M. Russell-Tucker, Manisha Juthani, and Beth Bye (collectively, the "Defendants"), alleging that these Defendants had violated their First Amendment rights to the free exercise of religion, free speech, and freedom of association, and their Fourteenth Amendment rights to equal protection of the laws and child rearing.

On December 1, 2023, the Court granted Defendants' Motion to Dismiss. Order Granting Mot. to Dismiss, ECF No. 34 ("Order on MTD"). In its Order, the Court stated "[t]o the extent the deficiencies identified in the factual allegations in Plaintiffs' Complaint can be remedied, Plaintiffs may move for leave to amend the Complaint by January 19, 2024." Order on MTD at 35.

Plaintiffs have now moved to file a First Amended Complaint and to amend the case caption to remove Charlene M. Russell-Tucker and Manisha Juthani, leaving Beth Bye, in her

official capacity only, as the remaining Defendants. Plaintiffs seek to amend the factual deficiencies that the Court identified in its Order.

For the following reasons, the Plaintiffs' motion for leave to file a First Amended Complaint and to amend the case caption is **GRANTED.**

Plaintiffs are to file their proposed First Amended Complaint, ECF No. 36-3, on the docket by **June 21, 2024**, and this will become the operative pleading.

The Clerk of Court is respectfully directed to terminate Charlene M. Russell-Tucker and Manisha Juthani, and to amend the case caption as it will proceed against Beth Bye, in her official capacity only.

I.     FACTUAL AND PROCEDURAL BACKGROUND

A. Factual Allegations[1]

Based in Milford, Connecticut, Milford Christian Church, a nonprofit religious organization, has approximately fifty (50) members. Complaint ¶ 2. Milford Christian Church allegedly "has several ministries in addition to traditional church services" including "holding prayer vigils and witnessing outside of abortion clinics in Connecticut, a kids church, a pre-kindergarten daycare and preschool known as Little Eagles, and the Milford Christian Academy – a school that provides grades K-12 education." *Id.* ¶ 23.

James Loomer is the senior pastor of Milford Christian Church and the supervisor and spiritual leader for Little Eagles' Daycare and Preschool. *Id.* ¶ 3. Janet Parady operates and manages the Little Eagles' Daycare and Preschool for Milford Christian Church. *Id.* ¶ 4. Jessica Cavarretta is a Connecticut resident who lives in Orange, Connecticut, suing on behalf of herself and her three-year-old son who attends Little Eagles' Daycare and Preschool. *Id.* ¶ 5.

---

[1] The following is a summary of the relevant facts provided in the original Complaint.

Charlene M. Russell-Tucker is the Commissioner for the Connecticut State Department of Education and is sued in her official capacity only. *Id.* ¶ 6. Beth Bye is the Commissioner for the Connecticut Office of Early Childhood and is sued in her official capacity only. *Id.* ¶ 7. Manisha Juthani is the Commissioner of the Connecticut Department of Public Health and is sued in her official capacity only. *Id.* ¶ 8.

In April 2021, the Connecticut General Assembly passed the bill HB-6423, "An Act Concerning Immunizations," which Governor Lamont signed into law on April 28, 2021. Complaint ¶ 11. It allegedly took effect immediately. *Id.* The Act, now Conn. Gen. Stat. § 10-204a, allegedly amended the previous version of the statute to eliminate religious exemptions for Connecticut's school vaccination requirements. *Id.* ¶ 12.

Connecticut General Statute § 10-204a now allegedly "requires parents of children enrolled in preschool programs or any other prekindergarten program – public or private – to vaccinate their children on or before September 1, 2022, or not later than fourteen days after transferring to another program and to submit proof of that vaccination to their school even if vaccinating their children is contrary to their religious beliefs." *Id.* ¶ 13 (citing Conn. Gen. Stat. § 10-204a(a)). The Act allegedly "does not require parents of children enrolled in kindergarten through grade 12 prior to April 28, 2021, to vaccinate their children if vaccinating their children is contrary to their religious beliefs." *Id.* ¶ 14 (citing Conn. Gen. Stat. § 10-204a(b)). The Act allegedly "provides for secular exemptions from the vaccination requirement in the form of medical exemption upon the provision of a medical professional's note. *Id.* ¶ 15 (citing Conn. Gen. Stat. § 10-204a(a)).

The vaccines allegedly contain a virus, a liquid buffer, and contaminants from the cell line, *id.* ¶ 16, and pharmaceutical companies allegedly "use cell lines artificially developed from

3

aborted fetuses to research develop, test and product [*sic*] their vaccines." *Id.* ¶ 18. Plaintiffs allege, "[w]hen it comes to vaccines, Milford Christian Church relies on St. Paul's first letter to Timothy, chapter 5, verse 22 to teach that its members should not take part in other people's sin by consuming vaccines manufactured, tested, or otherwise developed using cell lines artificially developed from murdered unborn babies." *Id.* ¶ 33. Plaintiffs allege that vaccinations are contrary to their personal religious beliefs; for example, Cavarretta alleges that according to her "sincere religious belief [] injecting her son with a vaccine would pollute his body as the temple of the Holy Spirit." *Id.* ¶ 56.

Plaintiffs allege that the Act violates their First Amendment rights to the free exercise of religion (Count One), free speech (Count Two), freedom of association (Count Three); and their Fourteenth Amendment rights to equal protection (Count Four) and child rearing (Count Five). *Id.* ¶ 15.

### B. Procedural History

On March 6, 2023, Plaintiffs filed their Complaint. ECF No. 1 ("Complaint").

On March 9, 2023, Plaintiff filed an emergency motion for temporary restraining order, ECF No. 12 ("TRO").

On March 13, 2023, this Court held a telephonic status conference, ECF No. 17, in which the parties agreed to file a proposed briefing schedule.

On May 5, 2023, Defendants filed a motion to dismiss. Motion to Dismiss, ECF No. 23 ("Def. Mot. to Dismiss").

On May 30, 2023, Plaintiffs filed their memorandum in opposition to the motion to dismiss. Pl. Mem. in Opp. to Mot. to Dismiss, ECF No. 24 ("Pl. Opp.")

4

On June 13, 2023, Defendants filed their reply brief in further support of their motion to dismiss. Def. Reply Brief in Further Support of Mot. to Dismiss, ECF No. 25 ("Def. Reply").

On September 1, 2023, Plaintiffs filed their supplemental brief in opposition to the Defendants' motion to dismiss, Pl. Supp. Brief in Opp. to Def. Mot. to Dismiss, ECF No. 29. ("Pl. Supp. Opp."), to address the Second Circuit's recently decided opinion in *We the Patriots USA, Inc. v. Connecticut Office of Early Childhood*, 76 F.4th 130 (2023).

On September 20, 2023, Defendants filed their Reply to Plaintiff's Supplemental Brief. Def. Reply to Pl. Supp. Brief, ECF No. 30 ("Def. Supp. Reply").

On October 23, 2023, the Court held oral argument on the pending motion to dismiss. Min. Entry, ECF No. 33.

On December 1, 2023, the Court granted Defendants' Motion to Dismiss. Order on MTD. In its Order, the Court stated "[t]o the extent the deficiencies identified in the factual allegations in Plaintiffs' Complaint can be remedied, Plaintiffs may move for leave to amend the Complaint by January 19, 2024." Order on MTD at 35.

On January 19, 2024, Plaintiffs filed their motion to amend and a memorandum in support of their motion. Pl. Mot. for Leave to File Am. Compl. and to Amend Case Caption, ECF No. 36 ("Mot."); Mem. of L. in Supp. of Pl. Mot. for Leave. To File Am. Compl. and to Amend the Case Caption, ECF No. 36-1 ("Mem.").

To date, Defendants have not filed a response to Plaintiffs' motion to amend.

II.   **STANDARD OF REVIEW**

    **A.  Rule 15**

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a

5

responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The district court has broad discretion to decide a motion to amend. *See Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998). If a court chooses to deny leave to amend, however, it must give some "justifying reason" for doing so. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Id.*; *see also Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (noting leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss [under] Fed. R. Civ. P. 12(b)(6)"); *Park B. Smith, Inc. v. CHF Indus. Inc.*, 811 F. Supp. 2d 766, 779 (S.D.N.Y. 2011) ("While mere delay, absent a showing of bad faith or undue prejudice, is not enough for a district court to deny leave to amend, the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." (internal quotation marks omitted)). A court will "only deny a motion to amend if it is clear on the face of the pleadings that the claims would be barred by the statute of limitations, and if the issue would not need to be more fully briefed." *Hybrid Athletics, LLC v. Hylete, LLC*, No. 3:17-CV-1767 (VAB), 2018 WL 4323816, at *4 (D. Conn. Sept. 10, 2018).

### B. Rule 59

"[A] party seeking to file an amended complaint post-judgment must first have the judgment vacated pursuant to Rules 59(e) or 60(b)." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 145 (2d Cir. 2020). Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to "alter or amend a judgment" no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Courts consider a motion made under Rule 59(e) a motion for reconsideration. *See Krohn v. N.Y. City Police Dep't*, 341 F.3d 177, 179 (2d Cir. 2003) (noting that a party timely filed for reconsideration under Fed R. Civ. P. 59(e)). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration is committed to the sound discretion of the court." *Nygren v. Greater N.Y. Mut. Ins. Co.*, No. 3:07-CV-462 (DJS), 2010 WL 3023892, at *2 (D. Conn. Aug. 2, 2010) (internal citation and quotation marks omitted).

Normally, Rule 59 would apply to a motion for leave to amend a complaint that the Court has already dismissed. *See Metzler Inv. Gmbh*, 970 F.3d at 145–46 ("no authority — and we are aware of none — that supports their assertion that the district court was obliged to consider their proposed amendment only under Rule 15(a)(2), effectively replacing the standards under Rules 59(e) and 60(b) with those in Rule 15(a)(2) to decide their post-judgment motion. We conclude that our well-established rule that a plaintiff seeking to file an amended complaint post[-]judgment must first have the judgment vacated or set aside pursuant to Rules 59(e) or 60(b) stands." (internal citations and quotation marks omitted)).

**III.     DISCUSSION**

Plaintiffs seek to amend their Complaint to cure the deficiencies that the Court identified in its Order when it granted Defendants' Motion to Dismiss. Order on MTD; Mem. at 4. They argue that their proposed First Amended Complaint alleges sufficient facts to survive a motion to dismiss under *Employment Div. v. Smith*, 494 U.S. 872 (1990), and *We The Patriots USA* because the new facts show that the legislature was selectively targeting religious conduct. Mem. at 3–4. They also argue that the data they have compiled from the Connecticut Department of Public Health shows various examples of non-compliance rather than religious exemptions are responsible for the decrease in vaccinations rates. *Id*. at 4–9.

Defendants have indicated they are not taking a position on the motion to amend, Mot. at 1, and to date have filed no opposition to Plaintiffs' motion. They have reserved their right to object. *Id.*

The Court agrees with the Plaintiffs.

Because the Court in its Order stated that "Plaintiffs may move for leave to amend the Complaint[,]" Order on MTD at 35, and a final judgment has not been issued yet, the applicable legal standard is under Rule 15 of the Federal Rules of Civil Procedure. Plaintiffs' proposed amendments attempt to cure the failures that the Court identified. Order on MTD at 24 ("Their Complaint is insufficient to support the notion that the Defendants' stated public health benefits at the time of the statute's enactment lacked merit, or otherwise masked latent religious animus as an unstated goal.").

In the absence of any argument by the Defendants as to any "prejudice," or that these allegations are made in "bad faith" or otherwise "futile," *United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*, 285 F. Supp. 3d 759, 766 (S.D.N.Y. 2018) (noting that the "the party

opposing the amendment 'bears the burden of showing prejudice, bad faith, and futility of the amendment.'" (quoting *Grant v. Citibank (S.D.), N.A.*, No. 10 Civ. 2955 (KNF), 2010 WL 5187754, at *6 (S.D.N.Y. Dec. 6, 2010))), there is no reason not to permit the filing of this Amended Complaint, at least at this stage of the case. *See* Fed. R. Civ. P. 12(a) (providing a time frame for serving a responsive pleading).

Accordingly, the motion will be granted, Plaintiffs will be permitted to file the First Amended Complaint, and the case caption will be so amended.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for leave to file an Amended Complaint and to amend the case caption.

Plaintiffs are to file their proposed First Amended Complaint, ECF No. 36-3, on the docket by **June 21, 2024**, and this will become the operative pleading.

The Clerk of Court is respectfully directed to terminate Charlene M. Russell-Tucker and Manisha Juthani and to amend the case caption as it will proceed against Beth Bye, in her official capacity only.

**SO ORDERED** at New Haven, Connecticut, this 14th day of June, 2024.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE