UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MILFORD CHRISTIAN CHURCH; et al. : | Dkt. No.: 3:23-cv-00304 | |
|     Plaintiffs, : | | |
| : | | |
| v. : | | |
| : | | |
| BETH BYE, : | | |
| in her official capacity only, : | | |
|     Defendant. : | December 20, 2024 | |

**DEFENDANT'S REPLY BRIEF IN FURTHER
SUPPORT OF HER MOTION TO DISMISS**

Pursuant to Local Rule 7(d), the Defendant submits this reply brief in response to the Plaintiffs' Opposition to the State Defendants' Motion to Dismiss. (Doc. 49) and in further support of the Defendant's Motion for Summary Judgment (Doc. 48).

As detailed below, and in the Defendant's Motion to Dismiss (Docs. 48 and 48-1), the Plaintiffs' First Amended Complaint ("FAC") must be dismissed under Rule 12(b)(6) because the Plaintiffs fail to allege sufficient facts upon which relief may be granted. Additionally, all claims brough against the Defendant for which Eleventh Amendment Immunity applies must be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

I. **CONNECTICUT'S SCHOOL VACCINATION REQUIREMENTS DO NOT VIOLATE THE FREE EXERCISE CLAUSE**

    **A. Stare Decisis and Law of the Case Support Dismissal of Count One**

None of the Plaintiffs' new allegations with respect to Count One survive the Defendant's Motion to Dismiss. This Court's previous decision (Doc. 34) continues to apply. The Plaintiffs' claim that their amended Free Exercise claim cures the factual deficiencies in their first Complaint. The Plaintiffs mere provision of additional data on vaccination rates within a limited

timeframe does not cure the deficiencies in the first Complaint. This recitation of time-restricted data does not in any way bolster their claim that Connecticut's school vaccination statute was driven by religious animus. In fact, this Court explained that the Second Circuit had already held that the legislative history of P.A. 21-6 § 1 contained no hostility towards religion. *See* Doc 34 at 21-22. The unconvincing supplementary data provided by the Plaintiffs here does not change or negate the Second Circuit's thorough analysis of the legislature's intent. "The Act's legislative history does not contain evidence of hostility to religious believers, even when read with an eye toward 'subtle departures from 'neutrality' or 'slight suspicion' of 'animosity to religion or distrust of its practices.'" *We The Patriots USA, Inc. v. Connecticut Office of Early Childhood*, 76 F. 4th 130, 148 (2d Cir. 2023).

The Second Circuit's holding that the Act was neutral and generally applicable and subject to rational basis review controls. *Id.* at 156. Plaintiffs themselves concede that the Act would survive rational basis review. Doc. 49 at 8. Consequently, the Plaintiffs claims must be dismissed again.

   B. **Defendant Bye Has Upheld the Vaccination Mandate**

Plaintiffs make vague accusations in their FAC and their Memorandum in Opposition to the Defendant's Motion to Dismiss (Docs. 49 and 49-1) that Defendant Bye "has allowed groups of parents . . . to escape Connecticut's vaccination mandate." They further allege that Defendant Bye does not "vet these groups' claims" and has "allowed them to completely skirt Connecticut's vaccination mandate for daycares and preschools." The Plaintiffs level bold accusations against Defendant Bye but fail to offer evidence to support them. Doc. 49-1 at 17. In their FAC the only support they offer is "based on information and belief." To the extent that Defendant Bye can address this imprecise and sweeping claim, she categorically denies permitting any abuse of the

2

vaccination statute.  *See Twombly*, 550 U.S. 544, 555 (2007);*Iqbal*, 556 U.S. 662, 663–64 (2009).  The Plaintiffs' accusation that Defendant Bye was incorrectly applying or "abusing" the statute is unsupported and wholly without merit.  Defendant Bye and the Office of Early Childhood have thoroughly outlined their interpretation of Conn. Gen. Stat. § 19a-77(b)(8) in their Motion to Dismiss (Doc. 48-1 at 8-10).  Defendant Bye remains committed to adhering to the licensing statute that advances the public welfare.   The Plaintiffs seek to use their baseless claim of the Defendant's misapplication of the law for their own advantage. This Court should reject their claim.

### C. Lack of Enforcement Authority for Nonpublic K-12 Schools Does Not Invalidate the Vaccination Law

The Connecticut Department of Education – no longer a party to this action -- does not have regulatory enforcement authority over nonpublic K-12 Schools.  The Plaintiffs argue this lack of enforcement authority renders nonpublic K-12 schools exempt from the vaccination mandate.  Doc. 49-1  A lack of enforcement authority does not mean that nonpublic schools are exempt from the vaccination mandate, nor does it nullify the vaccination law.  It simply means that there is no administrative body identified by Plaintiffs in place to enforce it.

Even in instances where an administrative agency had enforcement authority of a legal requirement, but chose not to exercise it, courts still upheld the validity of the underlying law.  See *Trade-Winds Envtl. Restoration, Inc. v. Stewart*, 2008 U.S. Dist. LEXIS 6104, "A well-established tenet of administrative law is that administrative bodies have broad discretion in deciding to what extent to undertake enforcement.  *Id.* at 13; see also  Tradewinds Envtl. Restoration, Inc. v. St Tammany Park LLC*, 578 F.3d 255, 261 (2009).  Our Supreme Court has repeatedly held that "an agency has broad discretion to choose how to best marshal its limited

resources and personnel to carry out its delegated responsibilities." *Massachusetts v. EPA*, 549 U.S. 497, 527 (2007). "A decision not to enforce is typically afforded wide latitude by a reviewing court." *Id.*; *see also B.F. Goodrich Co. v. Murtha*, 958 F.2d 1192, 1205 (2d Cir. 1992)(recognizing that decisions regarding enforcement must reflect limited agency resources, enforcement priorities and other administrative constraints.)

In *Trade-Winds Envtl. Restoration Inc. v. Stewart,* the Louisiana State Licensing Board for Contractors ("Agency") was the state administrative body that ensured compliance with the state mandated license requirements for contractors and mold remediation. The Agency relaxed enforcement of the licensing requirements immediately following Hurricane Katrina. In *Trade-Winds v. Stewart* the dispute before the Court was what effect the Agency's suspension of enforcement had on the licensing requirements themselves. Critically, the *Trade-Winds* Court ruled that the statutes governing licensing requirements remained the legal requirement, despite the Agency's lax enforcement. The exercise of latitude by an agency does not negate the force of the law.

Here, the SDE is not merely choosing to not to enforce the law against nonpublic K-12 schools, as the Louisiana State Licensing Board for Contractors did in *Trade-Winds*; it lacks explicit delegated authority to enforce the challenged law against nonpublic K-12 schools. In Connecticut, the SDE does not license or fund nonpublic K-12 schools. The only direct mechanism available to the SDE for monitoring nonpublic schools is a voluntary approval process. The SDE has given formal recognition to the approval procedures of certain accrediting agencies, including the New England Associations of Schools and Colleges ("NEASC"). A nonpublic school's status as a NEASC member alerts the SDE that established procedures have been followed and "approval" by the State Board of Education is warranted. As part of this

4

approval process, an accreditation agency, not the state, verifies the school's fire, health and safety compliances. This accreditation process, however, is voluntary. The Plaintiffs are urging this Court to interpret the non-enforcement of the vaccination law by the SDE against nonpublic K-12 schools as an intentional exemption for nonpublic schools, which is simply not accurate. As the Second Circuit and this Court previously found, the vaccination law is neutral and generally applicable. The Plaintiffs' argument fails.

### D. Homeless and Foster Children are Not "Exempt" from Vaccination Requirements

Plaintiffs once again are trying to convince this court that the vaccination law's conditional admittance for foster children or homeless students is equivalent to an exemption for foster children or homeless children. This is simply not the case. Conn. Gen. Stat. § 19a-79(g) explicitly allows child care centers to provide services to students who are experiencing homelessness for a period **not to exceed ninety days** without complying with any provision in regulations relating to immunization and physical examination requirements. Conn. Gen. Stat. § 19a-79(h) explicitly allows child care centers to provide services to students who are experiencing homelessness for a period **not to exceed forty-five days** without complying with any provision in regulations relating to immunization and physical examination requirements. The statute could not be more clear that these are temporary allowances for a designated class of students. It most certainly is not a blanket exemption for homeless and foster children.

The plaintiffs attempt to confuse the court by questioning how ninety days and forty-five days should be interpreted. The statute is clear that this is a temporary condition to accommodate a small population of students. This conditional admission does not raise a serious question concerning general applicability. It is limited in duration and does not undermine the government's interest in protecting public health.

5

### E. Plaintiffs Admit the Legacy Provision Does Not Apply

The Plaintiffs admit in its Opposition to the Defendants Motion to Dismiss the First Amended Complaint (Doc. 49) that the legacy provision does not apply to preschools and daycares. "The Plaintiffs agree that no legacy provision applied to children enrolled in preschool or daycare at the time that Public Act No. 21-6 was enacted." Doc. 49 at 15. Nonetheless, the Plaintiffs claim that an analysis of the legacy provision is relevant here. It is not. The Plaintiffs are merely using this argument as another means to challenge the neutrality and general applicability of the law. As this Court and the Second Circuit have already determined, the vaccination law is neutral and generally applicable. *See supra.* Moreover, the Plaintiffs cannot claim that preschools are subject to disparate treatment. Specifically, as the law pertains to preschool children, it provides a one-year grace period to become vaccinated to those who had previously sought exemptions. The Plaintiffs' argument lacks merit.

## II. CONCLUSION

For all the foregoing reasons as well as those contained in the Defendant's motion to dismiss (Doc. 48 and 48-1), its previous motion to dismiss (Doc. 23 and 23-1) and this court's ruling (Doc. 34), Plaintiffs' FAC must be dismissed.

>                           DEFENDANT,
>                           BETH BYE
>
>                           WILLIAM TONG
>                           ATTORNEY GENERAL
>
>                        BY: */s/ Darren P. Cunningham*
>                           Darren P. Cunningham (Juris No. 421685)
>                           Cynthia Mahon (Juris No. 427374)
>                           Assistant Attorneys General
>                           165 Capitol Avenue
>                           Hartford, CT 06106
>                           Tel: (860) 808-5210
>                           Fax: (860) 808-5385
>                           darren.cunningham@ct.gov
>                           cynthia.mahon@ct.gov

## CERTIFICATION

I hereby certify that on December 20, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

>                           /s/ Darren P. Cunningham
>                           Assistant Attorney General